LOTTINGER, Judge.
This is a tort action which springs from an automobile accident which occurred on the Franklinton-Bogalusa highway at approximately one-half mile west of Sheridan, in Washington Parish on the night of October 12, 1956 at approximately 11:20 o’clock p. m. At the time of the accident traffic ■on the highway was unusually heavy be- ■ cause of the Washington Parish Fair which was being held at the time in Franklinton. Just before the occurrence of the accident, there were five vehicles heading in an easterly direction towards Bogalusa aligned as follows: Vehicle No. 1 was a 1953 Chevrolet owned and driven by Truett Williams; Vehicle No. 2 was a 1955 Mercury owned and operated by James S. Lee who was following the Williams car; Vehicle No. 3 was a 1956 Ford owned and operated by William J. B. Mohon, plaintiff, who was following the Lee car; Vehicle No. 4 was a 1953 Oldsmobile owned and operated by James 0. Blackwell, defendant, who was following plaintiff’s car; and Vehicle No. 5 was a 1951 Chevrolet owned and operated by Robert Cooper, defendant, who was following the Blackwell car.
At a point near the intersection of Frank-linton-Bogalusa Highway and Pine-Thomas Highway, the lead vehicle driven by Williams reduced its speed considerably in order to let preceding vehicles turn from the highway into the intersection. As he reduced his speed so did Lee and the plaintiff with the result that as the latter did so his vehicle was struck from the rear by the Blackwell auto causing it to' crash into the rear of the Lee vehicle.
Alleging that his automobile was damaged to the extent of $799.29, the plaintiff brought suit against Blackwell and Cooper alleging that the accident was due to their combined negligence and praying for judgment against both in solido. Alternatively, it was alleged that the accident was due solely to the negligence of Blackwell and, further in the alternative, it was alleged that the accident was due solely to the negligence of Cooper with alternative prayers for judgment against each defendant individually.
• The defendant Blackwell answered, denying that he was guilty of any negligence, and averring that the accident was due solely to the negligence of Cooper who ran into the rear of his automobile driving same into the rear of that of the plaintiff. Cooper answered, denying any negligence on his part, and setting up the defense that the *470 plaintiff was negligent in having stopped on the highway just over the crest of a hill and too close to same for him (Cooper) to be able to stop after seeing it for the first time as he crested the hill.
The case was tried on the merits in the Court below and judgment was rendered against the plaintiff and in favor of each defendant. The former has appealed seeking a reversal of the judgment and relief as originally prayed for.
The plaintiff’s version of the accident is as follows:
“Q. Would you state to the Court how the accident occurred? A. The cars way up ahead in the line started slowing down, somebody said some one was going to turn off the road or something, and the lead car, owned by Tru-ett Williams, stopped, or he started slowing up, for what reason I don’t know, all I know the line of cars ahead of him were slowing down and he had • to slow down his vehicle to approximately ten miles per hour, causing Lee, the fellow ahead of me, to slow down to approximately ten miles. Therefore, it threw me to slow down to approximately ten miles per hour. What occurred behind me I am not sure, all I know the next thing I knew they were in my rear end.
■ "Q. Was your car struck in the rear end? A. Yes.
“Q. By what? A. A 1953 Oldsmobile.
“Q. Who was the owner and operator of that car? A. James Blackwell.
“Q. How did you get the front end damaged to your car ? A. I was knocked into a 1955 Mercury.
“Q. Was that the Lee car? A. Yes.
“Q. Did you hit the rear of the Lee car before you were struck by the Blackwell ca.r? A. No.
“Q. What side of the road were you on at that time? A. On the right hand side.
“Q. Were you engaged in any maneuver, passing, or any maneuver of that sort at the time of the accident? A. No.
“Q. Were you struck by the Blackwell car before or after you slowed down to the ten miles per hour which you testified to? A. It was after.
“Q. Was the Cooper automobile involved in the accident? A. Yes.
“Q. In what way ? A. He was the one that hit Mr. Blackwell.
“Q. Do you know whether the
Cooper car struck the rear of the Blackwell car before or after the Blackwell car struck you? A. No.
* # * * * *
“Q. How far were you from the crest of the hill when you were hit? A. I would say at least two hundred feet.
“Q. You were two hundred feet from the top of the hill when you were hit? A. When I was hit.
“Q. How far did your car travel after you were hit? A. It traveled, I would say, after I was hit, around thirty feet.
“Q. Your car traveled thirty feet after it was hit ? A. Yes, that’s when the whole works came to a stop.
“Q. Which means that when your car came to a stop it was approximately two hundred thirty feet from the top of the hill? A. From the crest of the hill.
ifc ijc >fc ‡ l{i
"Q. Before you got up to the crest of the hill, if there had been other traffic on the other side of the hill, which would have been East of the hill, you couldn’t have seen them because the *471 hill blocked your view, isn’t that right?
A. Yes.”
The defendant Cooper testified under cross-examination by counsel for plaintiff that before the accident he had followed the Blackwell car at a distance of about 100 feet and that as he crested the hill at about 40 mph it was at a standstill some 40 feet downhill and too close for him to avoid hitting. He stated further that his brakes were good and that he applied them as soon as he reached the top of the hill.
Mrs. Cooper torroborated her husband’s testimony to the effect that the Blackwell car was some 45 or 50 feet from the top of the hill, that he was driving about 35 or 40 mph when he first saw the Blackwell car and that he immediately applied his brakes which she knew to be functioning properly.
The accident was investigated by Trooper Eulon Passman who described the highway as straight, and of concrete construction with 8 feet shoulders on either side. This •witness stated that he stopped his car as soon after he crested the hill as his lights shone on the Cooper car and that the latter vehicle was some 45 or 50 feet from where his car was parked.
Blackwell testified that he began to reduce his speed as soon as he saw the plaintiff slowing down and that he was almost at a standstill when struck by Cooper’s car. He estimated that he was from 100 to 175 feet from the crest of the hill when struck by Cooper.
There is no evidence at all of any negligence on the part of Blackwell and the only Issue presented is whether Cooper was negligent. The trial judge evidently believed that the accident occurred where Mr. and Mrs. Cooper and Trooper Passman said it did and there is nothing in the record which would warrant our reversing him on this factual point.
Finding no manifest error in the judgment appealed from the same is hereby affirmed.
Judgment affirmed.